### UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF NEW HAMPSHIRE

Stephen Robinson

    v.                             Civil No. 09-cv-374-PB

New Hampshire Adult Parole Board

### REPORT AND RECOMMENDATION

Before the Court is a pleading ("Petition") (doc. no. 1), filed by Stephen Robinson, asserting that defendants, the New Hampshire Adult Parole Board ("Board"); John Eckert, Board Executive Assistant; and current and former Board members George Iverson, George Khoury, and Alan Coburn, violated Robinson's right to due process in connection with a parole revocation hearing. Robinson claims that the New Hampshire Supreme Court ("NHSC") closed ranks behind the Board in declining to accept an appeal of his unsuccessful state habeas petition challenging the parole revocation. The matter is before me for preliminary review to determine, among other things, whether the Petition (doc. no. 1) states any claim upon which relief can be granted. See United States District Court District of New Hampshire Local Rule ("LR") 4.3(d).

Standard of Review

Under this Court's local rules, when a person commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review.  LR 4.3(d).  In conducting the preliminary review, the Court construes all of the factual assertions in the pro se pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint states any claim upon which relief could be granted, the Court must consider whether the complaint, construed liberally, Erickson, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to

2

'state a claim to relief that is plausible on its face.'"
Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949
(2009) (citation omitted).  "A claim has facial plausibility when
the plaintiff pleads factual content that allows the court to
draw the reasonable inference that the defendant is liable for
the misconduct alleged."  Id.  Inferences reasonably drawn from
the plaintiff's factual allegations must be accepted as true, but
the Court is not bound to credit legal conclusions, labels, or
naked assertions, "devoid of 'further factual enhancement.'"  Id.
(citation omitted).  Determining if a complaint sufficiently
states such a claim for relief is a "context-specific task that
requires the reviewing court to draw on its judicial experience
and common sense."  Id. at 1950 (citation omitted).

<u>Background</u>

Robinson was a prisoner in New Hampshire on parole sometime
prior to November 2009.  Subsequently charged with parole
violations and arrested out of state, Robinson was extradited to
New Hampshire and appeared before the New Hampshire Adult Parole
Board for a parole revocation hearing.  Robinson asserts that,
without duly considering the extenuating circumstances that
justified his conduct, the Board revoked his parole and sent him
back to prison.

Robinson filed a petition for a writ of habeas corpus under state law in the Superior Court in Coos County.  In that petition, Robinson challenged the parole revocation on grounds including deficiencies in the Board's procedures and the Board's allegedly improper participation in his interstate extradition. The Superior Court denied the petition.  Robinson filed a notice of discretionary appeal of that order to the NHSC.  The NHSC declined to accept Robinson's appeal.

After the state habeas proceedings had concluded, Robinson filed this Petition in federal court on November 2, 2009, prior to being released from the state prison on November 13.  Seeking damages and citing 42 U.S.C. § 1983 (regarding violations of federal civil rights) and 28 U.S.C. § 2254 (regarding petitions for writ of habeas corpus for persons in state custody), Robinson has asserted that defendants violated his right to due process (a) in connection with the procedures employed at the parole revocation proceeding; and (b) in participating in an interstate extradition of Robinson under the Interstate Compact for Adult Offender Supervision, N.H. Rev. Stat. Ann. ("RSA") §§ 651-A:26 to -A:38.  Additionally, Robinson has asserted that the New Hampshire Supreme Court erred in declining to accept his appeal of the Coos County Superior Court order denying his petition for state habeas relief.

<u>Discussion</u>

I.   <u>Habeas Claims, Predicates, and Collateral Consequences</u>

Robinson has cited 28 U.S.C. § 2254 as authority for filing this action.  The cited statute authorizes this court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  <u>Id.</u>

Robinson's federal claims asserted under section 2254 are not entirely clear, but appear to be based on due process violations perpetrated by the Parole Board in connection with the parole revocation proceeding.  Notably, Robinson has requested damages, but damages are unavailable through a habeas petition. <u>See</u> <u>Nelson v. Campbell</u>, 541 U.S. 637, 646 (2004).  "'Habeas corpus is at its core, an equitable remedy.'"  <u>United States v. Torres-Otero</u>, 232 F.3d 24, 30 (1st Cir. 2000) (citation omitted).


A.   <u>Exhaustion</u>

One predicate for federal habeas relief is that the petitioner exhaust his state court remedies as to each federal claim at issue in the § 2254 petition.  <u>See</u> 28 U.S.C. § 2254(a). The record before me does not sufficiently demonstrate exhaustion.  Therefore, in an Order issued this date, I have

5

directed Robinson to identify with specificity the precise nature of his federal claims and also demonstrate that he has exhausted each of these claims.  Robinson may demonstrate exhaustion by filing in this court certain documents filed in the state courts in his state habeas petition, including his notice of appeal, the NHSC order on that appeal, and the Coos County Superior Court order at issue in that appeal.

    B.  Custody

    A second predicate for federal habeas relief is that the petitioner be in custody at the time that the petition was filed.  Spencer v. Kemna, 523 U.S. 1, 7 (1998).  Here, Robinson was in custody when he originally filed this action on November 2, 2009, and therefore satisfies the custody requirement.[1]  See 28 U.S.C. § 2254(a).

    C.  Collateral Consequences

    Robinson, who is no longer in custody, must also show that his § 2254 habeas petition continues to satisfy the "case or

---

    [1]This Court terminated this action on February 11, 2010, after an Order directing Robinson to file either the filing fee or a motion to proceed in forma pauperis, sent to Robinson at the address provided by Robinson, was returned to the court as undeliverable.  Robinson's later inquiry regarding the status of his case (doc. no. 4), and his subsequent filing of an in forma pauperis motion, granted on May 28, 2010 (doc. no. 6), resulted in reactivation of the matter in May 2010, after Robinson had been released from state custody.

controversy" requirement under Article III, § 2, of the
Constitution.  <u>See</u> <u>Spencer</u>, 523 U.S. at 7.  "This means that,
throughout the litigation, the plaintiff 'must have suffered, or
be threatened with, an actual injury traceable to the defendant
and likely to be redressed by a favorable judicial decision.'"
<u>Id.</u> (citation omitted).  Incarceration satisfies the case-or-
controversy requirement for most habeas petitioners, but "[o]nce
the convict's sentence has expired . . . some concrete and
continuing injury other than the now-ended incarceration or
parole – some 'collateral consequence' of the conviction – must
exist if the suit is to be maintained."  <u>Id.</u> (citation omitted).

    Petitioners challenging the validity of their underlying
criminal convictions are not required to prove actual collateral
consequences for the purposes of satisfying the case or
controversy requirement after they have been released.  <u>See</u> <u>id.</u>
at 8.  The wrongful conviction at issue is presumed to have
collateral consequences.  <u>See</u> <u>id.</u>

    Here, however, Robinson is challenging the parole revocation
decision, not the underlying conviction.  In <u>Spencer v. Kemna</u>,
the Supreme Court considered a case analogous to Robinson's, in
which a petitioner challenging allegedly unconstitutional parole
revocation procedures was released from prison before the
district court issued a decision on his petition.  The Court held

7

that the presumption of collateral consequences does not extend
to cases -- like Robinson's -- in which a petitioner, now
released, is challenging the validity of a parole revocation that
previously landed him in prison.  See id. at 13-14 (citing Lane
v. Williams, 455 U.S. 624, 632-33 (1982)).  In such cases, a
petitioner must allege concrete, nonspeculative, injuries-in-fact
attributable to the parole revocation, constituting collateral
consequences, sufficient to satisfy the case or controversy
requirement.

As to a criminal conviction, for example, the concrete,
collateral consequences may include such "civil disabilities" as
automatic deportation, ineligibility to serve on a jury, vote, or
hold office, and dishonorable discharge from the military.
Spencer, 523 U.S. at 9; see also Padilla v. Kentucky, ___ U.S.
___, ___, 130 S. Ct. 1473, ___ (2010) (consequences of criminal
conviction may include civil commitment, civil forfeiture, loss
of right to vote, disqualification from public benefits,
ineligibility to possess firearms, dishonorable discharge, and
loss of business license).  Merely speculative consequences, such
as that considered by the Supreme Court in connection with the
parole revocation at issue in Spencer, will not suffice to
satisfy the case or controversy requirement.  See generally
Spencer, 523 U.S. at 13 (possibility that parole revocation

8

record would affect employment prospects, could be used against petitioner in future if he testifies, could hamper future applications for parole if incarcerated again, and could enhance any sentence if found guilty on future criminal charges, are all too speculative to satisfy case or controversy requirement).

Here, Robinson has pointed to <u>no</u> collateral consequences resulting from his parole revocation.  A mootness finding would be warranted on the record before me.[2]  Moreover, I can identify no statute generating a nonspeculative collateral consequence, sufficient to make Robinson's challenge to the parole revocation into a case or controversy.

It is conceivable, however, that Robinson might be able to point to some concrete consequence of the parole revocation, specific to his own circumstances, sufficient to satisfy the case

---

[2]Robinson has asserted that his case can be certified as a class action and is therefore not moot, but has not attempted to satisfy the requirements for class certification in Fed. R. Civ. P. 23(a).  <u>Cf.</u> <u>Avery v. Powell</u>, 695 F. Supp. 632, 643 (D.N.H. 1988) (pro se litigant cannot fairly and adequately protect interests of class, as required by Fed. R. Civ. P. 23(a)(4)).  Robinson also argues that the issues presented in this case are capable of repetition, yet evade review.  The same argument was squarely rejected in <u>Spencer</u>:  "[Petitioner] has not shown (and we doubt that he could) that the time between parole revocation and the expiration of sentence is always so short as to evade review.  Nor has he demonstrated a reasonable likelihood that he will once again be paroled and have that parole revoked."  For the same reasons, I find Robinson's arguments unpersuasive here.

or controversy requirement.  For that reason, dismissal of the
habeas claims at this time is not warranted.  In an Order this
date, I have directed Robinson to amend the Petition (doc. no. 1)
to identify with specificity the collateral consequences, if any,
that keep his habeas claims justiciable, now that he is out of
prison.

II.  Rooker-Feldman Doctrine Bars Section 1983 Claims

     "The Rooker-Feldman doctrine, with certain exceptions such
as habeas corpus, precludes a lower federal court from
entertaining a proceeding to reverse or modify a state judgment
or decree to which the [plaintiff] was a party."  Mandel v. Town
of Orleans, 326 F.3d 267, 271 (1st Cir. 2003).  The doctrine --
named for a line of cases derived from D.C. Ct. App. v. Feldman,
460 U.S. 462 (1983) and Rooker v. Fid. Trust Co., 263 U.S. 413
(1923) -- "precludes [federal district] courts from exercising
subject matter jurisdiction where the issues presented in the
case are 'inextricably intertwined' with questions previously
adjudicated by a state court, such that the federal district
court would be . . . reviewing a state court decision for error."
Mills v. Harmon Law Offices, P.C., 344 F.3d 42, 44 (1st Cir.
2003) (footnote and citations omitted); see also Hill v. Town of
Conway, 193 F.3d 33, 39 (1st Cir. 1999).  As explained more fully

below, Rooker-Feldman precludes this court from exercising jurisdiction over Robinson's section 1983 claims.

A.    State Court Proceedings Have Ended

Rooker-Feldman applies when the losing party in state court files suit in federal court after the state proceedings have ended.  See Federacion de Maestros v. Junta de Relaciones del Trabajo, 410 F.3d 17, 21 (1st Cir. 2005) (citations omitted).  A court will find that underlying state court proceedings have ended if the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved, rendering the judgment susceptible to certiorari review under 28 U.S.C. § 1257.  See Federacion, 410 F.3d at 24-25.

Here, the NHSC declined to accept Robinson's discretionary appeal of the underlying Coos County Superior Court order.  A declination of acceptance order represents a determination by the NHSC that further review in the state courts is not desirable.  See N.H. Sup. Ct. R. 3.  The NHSC thus rendered the lower court order final for all purposes when it declined to accept Robinson's appeal.  Robinson's Petition here was filed after these state proceedings had ended, meaning that Rooker-Feldman is potentially applicable to the § 1983 claims asserted here.

B.   <u>Section 1983 Claims Are Inextricably Intertwined</u>

<u>Rooker-Feldman</u> precludes an exercise of jurisdiction over certain federal claims that are "inextricably intertwined" with issues decided by the state courts.  <u>Hill</u>, 193 F.3d at 39. Claims are "inextricably intertwined" if "'the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'"  <u>Id.</u> (quoting <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 23, 25 (1987) (Marshall, J., concurring)).

Here, Robinson filed a habeas petition in state court that raises the same issues that he has raised in this court in the form of claims for damages under 42 U.S.C. § 1983.  Moreover, Robinson has asked this court to address the same issues that he asserted in Superior Court and in his notice of appeal, and he has asked this court to find error in the NHSC's decision not to accept his appeal.

A litigant may not seek to reverse a final state court judgment simply by recasting his complaint in the form of a civil rights action.  <u>See</u> <u>Fortune v. Mulherrin</u>, 533 F.2d 21, 22 (1st Cir. 1976); <u>cf.</u> <u>Miller</u>, 586 F.3d at 59 (<u>Rooker</u>-<u>Feldman</u> bars jurisdiction where parties who lost in state court seek review and rejection of state court judgment on legal grounds not actually litigated in state court).  The proper recourse for a

12

litigant in the state courts who is unhappy with the decisions of those courts is to pursue his appeal through the state appellate process, and then to the United States Supreme Court.  See Miller, 586 F.3d at 59 ("Only the Supreme Court of the United States may invalidate state court civil judgments.").

Robinson's prevailing here on his section 1983 claims relating to the procedures employed by the Parole Board, its participation in his interstate extradition, and the NHSC's declination of acceptance order would require this court to invalidate or reverse state court judgments on his state habeas petition.  This is precisely the course of action precluded by the Rooker-Feldman doctrine.  See Lance v. Dennis, 546 U.S. 459, 464 (2006) (citation omitted); see also Miller, 586 F.3d at 59. Accordingly, I recommend that Robinson's section 1983 claims be dismissed, pursuant to the Rooker-Feldman doctrine.

### Conclusion

For the foregoing reasons, I recommend dismissal of the claims for relief asserted under 42 U.S.C. § 1983 in the Petition (doc. no. 1).  As to the claims asserted under 28 U.S.C. § 2254, in an Order this date, I have directed Robinson to file an amended petition within 30 days, clarifying his habeas claims, demonstrating exhaustion, and showing the existence of collateral

consequences for the purposes of avoiding dismissal of those claims as moot.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauth. Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
Landya B. McCafferty
United States Magistrate Judge

Date: June 28, 2010

cc:  Stephen Robinson, pro se


LBM:nmd